UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEDUKA, LLC,

                Plaintiff,

       - against -

TRB ACQUISITIONS LLC,

                Defendant.

TRB ACQUISITIONS LLC,

                Plaintiff,

       - against -

SEDUKA, LLC, et al.,

                Defendants.

**OPINION**

15-CV-1145 (GBD) (RLE)
15-CV-4401 (GBD) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

On September 23, 2016, the Court was informed that the Parties had reached an agreement "on all issues." (Doc. Nos. 82, 124.) The Honorable George B. Daniels ordered these cases be closed and provided the Parties thirty days to make an application to restore. (Doc. Nos. 83, 125.) The Parties asked for an extension of time to make their application, (Doc. Nos. 84, 127.), and Judge Daniels granted this request. (Doc. Nos. 85, 128.) By the new deadline, TRB Acquisitions LLC ("TRB") filed a letter asking that the matter be restored to the docket and that the Court schedule a conference to discuss the continuation of discovery. (Doc. Nos. 86, 129.) Seduka, LLC ("Seduka") joined in TRB's request to restore on December 8, 2016. (Doc. Nos. 87, 130.) On February 2, 2017, Seduka filed a letter indicating that a settlement agreement was "believed" to be reached in September 2016, and they have now "fully satisfied" a condition subsequent offered by TRB. (Doc. Nos. 88, 132.) This case was referred to the undersigned for

Settlement on February 8, 2017. (Doc. Nos. 90, 133.)

A settlement conference was held on May 16, 2017, where the Court set a briefing schedule for Seduka's anticipated motion to enforce the purported settlement agreement. (Doc. Nos. 101, 142 at 34.) Seduka filed its motion to compel performance of the settlement obligations on May 25, 2017. (Doc. Nos. 99, 140 ("Seduka's Mot.").) TRB filed its opposition via mail, and subsequently filed the opposition via ECF. (Doc. Nos. 105, 146 ("TRB's Opp'n").) Seduka's reply was filed on June 9, 2017. (Doc. Nos. 100, 141 ("Seduka's Reply").)

After mediation and signing a term sheet, the Parties began the process of drafting a settlement agreement with several components, including a cash payment to TRB. (*See* Seduka's Mot., Ex. 2-3.) A dispute arose when on October 7, 2016, TRB was notified that, with respect to Seduka's products containing the logo at issue, the sales figure communicated at the time of mediation was wrong. (Seduka's Mot., Ex. 2 at 1.) Sales were actually more than 60% greater than what had been indicated. *Id.* TRB argued that the sales figure was a material component of the purported settlement and demanded a higher cash payment. (TRB's Opp'n at 1.) Seduka argued that the cash "payment was not tied to any mathematical formula but reflected the maximum value of settlement of this matter to Seduka and [Defendant] Modell's." (Seduka's Mot., Ex. 4.)

TRB told Seduka that the "belated disclosure of sales volume so much larger than that represented at the mediation and in the executed term sheet void[ed] that deal and ma[de] a settlement impossible unless [the Parties] come to an alternative understanding." (*Id.*, Ex. 5 at 1.) To move forward with settlement, TRB offered two options to address the misrepresentation of sales: (1) increase the cash settlement, or (2) produce "certain declarations from Modell's witnesses subpoenaed in the Adidas litigation" previously discussed between counsel. (*Id.*, Ex. 5 at 1-2.)

Seduka argues that they accepted option 2, began working with TRB's counsel to agree upon the content, and ultimately produced the agreed upon declarations. (Seduka's Mot. at 1.) TRB argues that the declarations produced by Seduka were not sufficient to satisfy TRB's offer of option 2, and "were merely a means for [Modell's] to avoid the depositions" in the Adidas matter. (TRB's Opp'n at 4.)

Upon reviewing the Parties' submissions, including email correspondence, the Court scheduled a telephone conference to issue an oral ruling. During this conference, the Court held that the Parties did not enter into an enforceable settlement agreement because the amount of sales was a material component of the proposed agreement. (Doc. Nos. 103, 144, Hearing Transcript ("Tr.") at 3.) More specifically, the Court noted that the term sheet clearly expressed that the amount of sales was a factor in determining the settlement amount,[1] and the misrepresentations of sales were not "insignificant." (*Id.* at 4.) The Court acknowledged that the Parties discussed Seduka's interest in satisfying option 2, but the record failed to demonstrate that there was "a clear indication [from TRB] that the declarations … submitted were satisfactory enough both to eliminate the need for deposition [in the Adidas matter] and to satisfy" option 2. (*Id.* at 4.)

Additionally, when determining whether an enforceable agreement exists, courts consider:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing;
> (2) whether there has been partial performance of the contract;
> (3) whether all of the terms of the alleged contract have been agreed upon; and
> (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997) (citing *Winston v.*

---

[1] Paragraph 8 of the term sheet indicates that TRB would accept the proposed cash amount to resolve the case "[b]ased on warranty and representation" made about the amount of Seduka products sold with the logo at issue. (Seduka's Mot., Ex. 1 at 2; TRB's Opp'n, Ex. A at 3.)

3

*Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)).

TRB clearly reserved its right to not be bound until a final agreement had been signed by stating that once the Parties "come to an agreement [as to the content of the declarations] and get these declarations signed, then TRB is prepared to sign the settlement agreement, with no increased payment, notwithstanding the problems discussed above." (TRB's Opp'n, Ex. F at 2.) Seduka did not make a payment and there were no efforts made to perform under other provisions within the purported agreement.

Ultimately, Seduka has the burden, as the party seeking enforcement of the "agreement," and has failed "to show that there was a meeting of the mind[s]." (Tr. at 6.) The Court affirms its oral ruling, and Seduka's motion to compel is **DENIED**.

The Clerk of the Court is instructed to terminate the pending motion at docket entry 99 in 15-CV-1145 and 140 in 15-CV-4401.

**SO ORDERED this 18th day of August 2017.**
New York, New York

*Ronald Ellis*
The Honorable Ronald L. Ellis
United States Magistrate Judge